**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**


DAVID EDDLEMAN,

          Petitioner,

v.                                                                        Case Number: 04-70830

KEN MCKEE,                                                    Honorable Arthur J. Tarnow

          Respondent.

_____/

## ORDER GRANTING RESPONDENT'S MOTION FOR STAY PENDING APPEAL [40]

Petitioner, David Eddleman, is a state inmate currently incarcerated by the

State of Michigan, pursuant to a conviction for second-degree murder and felony

firearm.  On March 22, 2005, this Court issued an opinion and order granting

Petitioner's  request for a writ of *habeas corpus*.  The Court directed Respondent to

release Petitioner from custody or institute proceedings to retry him within 90 days

of the date of the order.  Respondent has filed a motion to stay the order pending

appeal.  Petitioner has not responded.

Federal Rule of Appellate Procedure 23(c) provides that, while a decision

ordering the release of a prisoner is on appeal, "the prisoner must – unless the court

or judge ordering the decision, or the court of appeals, or the Supreme Court, or a

*McCalvin,* 02-73447

judge or justice of either court orders otherwise – be released on personal

recognizance, with or without surety."  The United States Supreme Court has held

that a federal court should consider the following factors in deciding whether to

stay an order granting habeas corpus relief pending appeal:

> (1) whether the stay applicant has made a strong showing
> that he is likely to succeed on the merits; (2) whether the
> applicant will be irreparably injured absent a stay; (3)
> whether issuance of the stay will substantially injure the
> other parties interested in the proceeding; and (4) where
> the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

A federal court may also consider "[t]he State's interest in continuing

custody and rehabilitation pending a final determination of the case on appeal . . . ;

it will be strongest where the remaining portion of the sentence to be served is

long, and weakest where there is little of the sentence remaining to be served."  *Id.*

at 777.  Petitioner's sentence is thirty to sixty years imprisonment for the second-

degree murder conviction, to be served consecutively to two years imprisonment

for the felony-firearm conviction, and much of it remains to be served.

With respect to the remaining *Hilton* factors, the Court notes that Petitioner

may be injured by his continued confinement pursuant to a conviction this Court

has found to be constitutionally infirm.  On the other hand, it would be a waste of

*McCalvin,* 02-73447

judicial resources for the appeal to proceed in the Sixth Circuit Court of Appeals,

while simultaneously requiring the State to retry Petitioner.

Considering the factors enumerated in *Hilton*, the Court holds that a stay

pending appeal is appropriate in this case.

Accordingly, **IT IS ORDERED** that Respondent's Motion for Stay Pending

Appeal is **GRANTED** and this Court's Opinion and Order Granting Petitioner's

Request for *Habeas Corpus* Relief is **STAYED PENDING DISPOSITION OF**

**THE APPEAL** pending in the United States Court of Appeals for the Sixth

Circuit.  The Court grants the stay without prejudice to Petitioner's right to request

reconsideration at a later date or to file a motion for bond pending appeal.

**IT IS FURTHER ORDERED** that, unless a new trial is scheduled within

**FORTY-FIVE (45) DAYS** of the issuance of the mandate by the Sixth Circuit

Court of Appeals, Petitioner must be unconditionally released.

　　　　　　　　　　　　　**s/Arthur J. Tarnow**　　　　　
　　　　　　　　　　　　　**Arthur J. Tarnow**
　　　　　　　　　　　　　**United States District Judge**

**Date:  June 10, 2005**

I hereby certify that a copy of the foregoing document was served upon counsel of record on
June 10, 2005, by electronic and/or ordinary mail.

　　　　　　　　　　s/Catherine A. Pickles　　　　　　　
　　　　　　　　　　Case Manager