**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID EDDLEMAN,

                Petitioner,                              Case Number: 04-70830

v.                                                      HON. ARTHUR J. TARNOW

KEN MCKEE,

                Respondent.
                                       /

**OPINION AND ORDER GRANTING PETITIONER'S RENEWED
REQUEST FOR ISSUANCE OF UNCONDITIONAL WRIT**

This matter is again before the Court on Petitioner's Renewed Request for Issuance of an Unconditional Writ. Petitioner's argues that the State's failure to comply with the Conditional Writ Issued by the Court requires his immediate release.

**I. Background**

On March 22, 2005, this Court issued an Opinion and Order Conditionally Granting Petition for Writ of Habeas Corpus on the ground that the state court's decision that the admission of Petitioner's coerced confession was harmless error was an unreasonable application of Supreme Court precedent. The Court held that, unless the State scheduled a new trial within ninety days, Petitioner must be unconditionally released. Respondent filed a Motion for Stay Pending Appeal. On June 10, 2005, the Court granted Respondent's motion and ordered that unless a new trial was scheduled within forty-five days of the issuance of the mandate by the Sixth Circuit Court of Appeals, Petitioner must be unconditionally released.

On December 14, 2006, the United States Court of Appeals for the Sixth Circuit issued

an opinion affirming this Court's order conditionally granting the writ of habeas corpus. Eddleman v. McKee, 471 F.3d 576 (6th Cir. 2006). The Court of Appeals remanded the matter to this court "with instructions to order Eddleman's release unless the state grants Eddleman a new trial within a reasonable period." Id. at 588. The mandate was issued on January 5, 2007.

On February 20, 2007, Petitioner filed a request for issuance of an unconditional writ because the state court failed to schedule a new trial within the forty-five day time period prescribed in the Court's Order Granting Respondent's Motion for Stay Pending Appeal. The Court held a hearing on Petitioner's request. At the hearing, Respondent argued that the relevant time period was controlled by the Sixth Circuit's Order requiring Petitioner to be granted a new trial "within a reasonable period." Id. Respondent argued that the Sixth Circuit in two recent cases had found 180 days to be a reasonable period of time.

The Court found that some ambiguity existed as to whether the "reasonable period" prescribed by the Court of Appeals superseded the 45-day time period imposed by this Court, and noted that the delay, at that point, was not substantial. The Court denied Petitioner's request without prejudice to Petitioner's right to renew his motion should further delays occur. In denying the request, the Court cautioned Respondent that the Attorney General for the State of Michigan often engaged in a practice of ignoring the Court's orders in habeas cases and cautioned that, if the practice continued, it would be dealt with harshly.

## II. Discussion

The State has finally set a trial date of February 25, 2008, over one year after the Sixth Circuit issued its mandate. Petitioner argues that the one-year delay in no way satisfies the "reasonable period" required by the Sixth Circuit. Respondent argues that the delays are

2

attributable Petitioner and, therefore, do not violate the Court of Appeals' mandate.

The Court first reviews the progress of the case in state court since the mandate was issued:

- March 16, 2007 – The trial court denied Petitioner's request for bond

- April 20, 2007 – Petitioner filed in the trial court motions requesting that the prosecution be required to produce its witnesses before trial for an interview by defense counsel, requesting the Detroit Police Department assist him in locating witnesses, and requesting a new preliminary examination.

- May 18, 2007 – The trial court held a motions hearing and what was scheduled to be a final conference. The trial court admonished the Assistant Prosecutor for being unprepared. The trial court *sua sponte* adjourned a June 4, 2007 trial date (it is not clear from the record before the Court when the June 4, 2007 trial date had been set) and did not set a new trial date. The motion hearing was continued to June 4, 2007, to allow the prosecution to attempt to locate witnesses and present them for defense interviews.

- June 22, 2007 – The trial court granted the defense's motion to quash the information and referred the case for a new preliminary examination.

- July 23, 2007 – A preliminary examination was held. The district judge found probable cause and bound the case over for trial.

- October 19, 2007 – The trial court denied a defense motion to quash and set a trial date for February 25, 2008.

Respondent argues that the bulk of the delay in scheduling a trial is attributable to Petitioner and that the delays have been designed to safeguard Petitioner's rights. Petitioner argues that all of his motions and requests have been made in a timely manner. The Court finds that Petitioner's diligent attempts to protect his rights in state courts by, for example, requesting a new preliminary examination, do not excuse the State's failure to retry him within a reasonable period of time. The State's own speedy trial act, applicable where, as here, the defendant is incarcerated, requires a defendant to be tried within 180 days. *See* Mich. Comp. Laws §

780.131(1). Thus, it is clearly possible and expected that a Michigan trial court can conduct a preliminary examination, address pretrial motions, manage discovery requests and commence a trial in that time frame. The fact that this case reached the trial court under different circumstances than those usually presented in criminal cases should not have presented such complications as to double the time period in which criminal cases are typically completed. Moreover, the Sixth Circuit has identified 180 days as a reasonable period of time within which to allow the State to retry a successful habeas petitioner. *See* Garner v. Mitchell, 502 F.3d 394, 417 (6th Cir. 2007); Girts v. Yanai, 501 F.3d 743, 761 (6th Cir. 2007); Stewart v. Wolfenbarger, 468 F.3d 338, 361 (6th Cir. 2007); Jones v. Jamrog, 414 F.3d 585, 594 (6th Cir. 2005); Hargrave v. McKee, 2007 WL 2818339, *10 (6th Cir. Sept. 27, 2007).

Finally, the Court is not persuaded that defense counsel's statements at the October 19, 2007, pretrial conference excuse the State's failure to retry Petitioner within a reasonable period. At that conference, the trial court denied the defense's motion to quash the bind over. Defense counsel then raised the possibility of filing an interlocutory appeal. Defense counsel clearly stated that he needed to discuss the issue with his client, but raised the possibility of requesting a stay should he decide to appeal the bind over decision. The trial court denied the request, even though a formal request was never made. Defense counsel's inquiry to the court regarding a potential stay to file an appeal of a bind-over in a case which the trial court itself acknowledged was "factually challenging" is not sufficient to establish that the delay in retrying Petitioner is attributable to him. Tr., 10/19/07, p. 6. The Court, therefore, finds that the State has failed to retry Petitioner within the "reasonable period" mandated by the Court of Appeals.

"[C]onditional writs are essentially accommodations accorded to the state. . . . The

conditional nature of the order provides the state with a window of time within which to cure the . . . error." Satterlee v. Wolfenbarger, 453 F.3d 362, 369 (6th Cir. 2006) (internal quotation omitted). "When the state fails to cure the error, *i.e.*, when it fails to comply with the order's conditions, '[a] conditional grant of a writ of habeas corpus *requires* the petitioner's release from custody.'" Id., *quoting* Fisher v. Rose, 757 F.2d 789, 791 (6th Cir. 1985) (emphasis in Satterlee). The Sixth Circuit Court of Appeals has repeatedly upheld a district court's authority to issue an unconditional writ when the State fails to comply with the terms of a conditional writ because a conditional writ "would be meaningless if a habeas corpus could not order a noncompliant state to release a prisoner." Id. at 369, n.5.

The Court has found that the State has failed to satisfy the terms of the conditional writ. Therefore, the conditional writ has become absolute and Petitioner's conviction are nullified. *See* Gentry v. Deuth, 456 F.3d 687, 695-97 (6th Cir. 2006) ("As a practical, logical, and necessary matter, relief from the collateral consequences of an unconstitutionally obtained state criminal conviction effectively requires expungement of the conviction from the petitioner's record, and expungement of the record implies nullification of the unconstitutional conviction.").

Accordingly, Petitioner's Renewed Request for Issuance of an Unconditional Writ is GRANTED and Respondent is ordered to release Petitioner from custody immediately and expunge the second-degree murder and felony-firearm convictions from his record.

            S/Arthur J. Tarnow
            Arthur J. Tarnow
            United States District Judge

Dated: January 22, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 22, 2008, by electronic and/or ordinary mail.

                                        S/Catherine A. Pickles
                                        Judicial Secretary